UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HENRIETTA MALLARD** | \* | **CIVIL ACTION NO.: 2:12-CV-378** |
| | \* | |
| **VERSUS** | \* | **JUDGE MINALDI** |
| | \* | |
| **IMPERIAL FIRE& CASUALTY** | \* | |
| **INSURANCE CO., ET AL** | \* | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before this court is a Motion to Remand filed by Henrietta Mallard. Doc. 7. For the reasons that follow, the court recommends that the motion to remand should be GRANTED IN PART and DENIED IN PART.

*Background*

Plaintiff Henrietta Mallard instituted the present suit in the 30th District Court for the Parish of Vernon, State of Louisiana on December 28, 2010. The Petition for Damages named Anna Janice and Imperial Fire & Casualty Insurance Company (hereinafter "Imperial") as defendants, alleging they were liable to her for damages caused by a motor vehicle accident that occurred on February 19, 2010. Doc. 1, Att. 4.

Mallard subsequently filed a First Supplemental and Amended Petition for Damages with the state court on April 28, 2011. The amended petition named Wal-Mart Louisiana, L.L.C., (hereinafter "Wal-Mart") as an additional defendant, seeking compensation for injuries Mallard allegedly sustained on August 10, 2010, when she slipped and fell in an aisle of a Wal-Mart store "due to unreasonably dangerous accumulations of water on the floor." Doc. 1, Att. 3, p. 4.

Wal-Mart filed a dilatory exception with the state court (*see* La. Code Civ. Proc. Art. 926), alleging that the amended petition improperly cumulated the claim against defendants

Janice and Imperial with the claim against Wal-Mart in the same action. Doc. 1-6. On January 17, 2012, the state court granted the exception and signed a judgment ordering the plaintiff to separate the motor vehicle accident claim and the slip-and-fall claim into two separate actions. Doc. 1-8. Mallard has yet to comply with that order.

On February 9, 2012, Wal-Mart filed a Notice of Removal alleging that this court has jurisdiction on the basis of diversity. It further alleged that the order granting the dilatory exception was an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3) that made the case removable as of January 17, 2012. Doc. 1.

Mallard filed a Motion to Remand on June 5, 2012. Doc. 7. She attached to her motion a stipulation which states that her damages will not exceed the jurisdictional amount required for diversity jurisdiction. She further stipulated that she will not seek to enforce any judgment in excess of the jurisdictional amount in state court if the case is remanded. Doc. 7, Exh. A.

*Law and Analysis*

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

There are two issues to address. First, the court must consider whether the judicial amount in controversy satisfies the jurisdictional requirement. Second, if the jurisdictional requirement is satisfied, the court must consider the proper parties to the suit before this court.

1. <u>Amount in Controversy Requirement</u>

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. Art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Lucket*, 171 F.3d at 298.

Even if a defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Plaintiffs can meet this burden by filing a pre-removal binding stipulation, or affidavit, affirmatively renouncing their right to accept a judgment in excess of $75,000.00. *Id.* at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam). Post-removal affidavits or stipulations do not deprive the district court of jurisdiction, and they are not to be considered in support of remand unless the amount in controversy is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883.

This court concludes that Wal-Mart has proved the amount in controversy exceeds $75,000 by a preponderance of the evidence, satisfying the jurisdictional requirement. It is facially obvious from the First Supplemental and Amended Petition for Damages that the claim for damages exceeds $75,000. Mallard prays for recovery of five categories of losses, including: (1) past and future pain and suffering, (2) past and future loss of enjoyment of life, (3) past and

future disability and loss of use of physical functions, (4) past and future medical expenses, and (5) past and future loss of earning capability.  Doc. 3, Att. 3, p. 18.  Moreover, the facts identified by Wal-Mart in the Notice of Removal further support a finding that the requisite amount in controversy is satisfied.  Wal-Mart attached a letter from the Plaintiff's treating orthopedist, Dr. J. David DeLapp, M.D.  He believes that the Plaintiff sustained an "axial load injury causing a partial thickness tear" to the "supraspinatus tendon."  Doc. 11, Att. 7.  Furthermore, Dr. DeLapp says that the Plaintiff has not been "responding to nonoperative intervention" and that it will "requir[e] surgery."  Doc. 11, Att. 7.  Considering the description of the alleged injuries and the prayer for recovery, the amount in controversy is unambiguous, and the Wal-Mart has carried its burden of proof.

Mallard attached an affidavit as an exhibit to her motion.  The affidavit stipulates post-removal that Mallard's damages will not exceed the jurisdictional amount, and in any event, that Mallard will not attempt to collect any recovery in excess of the jurisdictional amount.  Doc. 7, p. 1, Exh. A.  The stipulation, however, is of no consequence because the court "must evaluate the facts supporting jurisdiction as of the time of removal" rather than by reference to the "post-removal record."  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).  Mallard failed to affirmatively renounce the right to receive in excess of the jurisdictional amount prior to the time of removal.  The court declines to consider the stipulation as post-removal evidence because the amount in controversy is unambiguous as previously discussed.  *See Gebbia*, 233 F.3d at 883.

2. <u>Improper Cumulation of Defendants Janice and Imperial?</u>

Wal-Mart's notice of removal recognizes that there is an absence of complete diversity between all of the parties currently before the court.[1]  However, Wal-Mart contends that removal is nonetheless proper because Mallard improperly cumulated both diverse and non-diverse defendants in one action.

The Louisiana state court held that the claims against defendants Janice and Imperial were improperly joined with those against defendant Wal-Mart, and the state court ordered the two claims severed.[2]  The action became removable when the state court issued the order requiring Plaintiff to sever the claims into two separate, stand-alone actions.  *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532-533 (5th Cir. 2006).  There is complete diversity between the Mallard and Wal-Mart in this separate action, and this court has subject matter jurisdiction over this separate action as the judicial amount in controversy requirement satisfies the jurisdictional requirement.[3]

The failure of the Plaintiff to amend her petition and to sever her claims in state court to reflect the state court order is of no consequence.  Any perceived problems are remedied by a partial remand as this court finds that the case can be split along the same lines delineated by the

---

[1] Plaintiff is a Louisiana domiciliary.  Defendant Janice and Defendant Imperial are also Louisiana domiciliaries.  Docs. 1-3, 9.  Defendant Wal-Mart Louisiana, L.L.C. is a wholly-owned subsidiary of Wal-Mart Stores, Inc., a Delaware corporation that maintains its principal place of business in Arkansas.  Doc. 1.

[2] The order requiring severance was tantamount to a finding of improper joinder under Rule 20(a) of the Federal Rules of Civil Procedure.  To the extent that severance was proper under the Louisiana Code of Civil Procedure (*see Dubuisson v. Long*, 143 So. 494 (La. 1932)), the Federal Rules would yield the same outcome.  *Compare* La. Code Civ. P. art. 462 *with* Fed. R. Civ. P. 20(a).

[3] The undersigned requested counsel for Wal-Mart to address the applicability of the "voluntary/involuntary" rule in this case by supplemental brief.  Doc. 13.  After reviewing Wal-Mart's response [Doc. 14], the court concludes that the rule does not apply in this situation as the improper joinder of a non-diverse party is a well-recognized exception to the rule.  *See Crockett*, 436 F.3d at 533

state court.  *See Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp. 2d 499 (S.D. Miss. 2008); *Davis v. Cassidy*, 2011 WL 6180054 (E.D. La. 2011).[4]

### *Conclusion*

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED as to the claim by the Plaintiff against Defendants Anna Janice and Imperial Fire & Casualty Insurance Company.  This court lacks jurisdiction over the portion of the case pertaining to the motor vehicle accident because Mallard and defendants Janice and Imperial share a common domicile.  On the other hand, the motion to remand is DENIED as to the claim by Mallard against defendant Wal-Mart Louisiana, L.L.C.  The court has jurisdiction over the portion of the case pertaining to the slip-and-fall because there is complete diversity between Mallard and Wal-Mart.

A separate order of remand is being issued herewith.  As set forth in that order, the effect of the order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to the district court for review.  Should either party seek review from the district court, then the effect of this order is suspended until final resolution of the issue by the district court.

THUS DONE this 5th day of March, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[4] This appropriateness of a severance and partial remand also finds support in this court's application of "*Tapscott* misjoinder."  *See Frankland v. State Farm Fire & Cas. Co.*, 2:07-CV-1767, 2008 WL 4072819 (W.D. La. July 2, 2008) (order severing claims against defendants where the parties where improperly cumulated under Louisiana procedural law, remanding as to the non-diverse defendant, and denying remand as to the diverse defendant).