RECEIVED
IN LAKE CHARLES, LA.
NOV - 1 2013
TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HENRIETTA MALLARD | * | CIVIL ACTION NO. 2:12-CV-00378 |
| Plaintiff | * | |
| V. | * | JUDGE MINALDI |
| IMPERIAL FIRE & CASUALTY INSURANCE COMPANY, ET AL. | * | |
| | * | MAGISTRATE JUDGE KAY |
| Defendants | * | |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [Doc. 26], filed by the defendant, Wal-Mart Louisiana, L.L.C. (defendant). For the following reasons, the defendant's Motion is hereby **GRANTED,** and all claims against the defendant are hereby **DISMISSED WITH PREJUDICE.**

## FACTS AND PROCEDURAL BACKGROUND

The plaintiff, Henrietta Mallard (plaintiff), filed suit against the defendant in the Thirtieth Judicial District Court for Vernon Parish for injuries allegedly sustained on or about August 10, 2010 when the plaintiff slipped and fell in water on the floor of the defendant's store.[1] The case was removed to this court on February 9, 2012, on the basis of diversity jurisdiction.[2] On June 20, 2013, the defendant filed the instant Motion for Summary Judgment [Doc. 26].

The plaintiff filed a Motion for Extension of Time [Doc. 30] on July 1, 2013. In that Motion, the plaintiff asserted that additional time was needed to conduct discovery.[3] The

---

[1] First Supplemental and Amended Pet. for Damages [Doc. 1-3], at ¶ VIII.
[2] Not. of Removal [Doc. 1], at ¶ 11.
[3] Specifically, the plaintiff requested production of all videos for defendant's store for a forty-eight hour period before and after the incident, and all evidence of prior instances in which similar accumulations of liquid sat on the

1

plaintiff requested an additional sixty days to "explore indirect paths of actual or constructive knowledge on [d]efendant's part," as well as an additional ten days thereafter to oppose the instant Motion for Summary Judgment.[4] The Motion for Extension of Time was ultimately denied. [Doc. 32]. In so doing, the Magistrate Judge stated that, "[i]n light of information provided in the defendant's opposition to this motion, that there is no information to produce— an assertion not refuted by plaintiff—the [30] Motion for Extension of Time to Complete Discovery is DENIED."[5] Further, the plaintiff was granted an extension of time in which to file a response to the instant Motion for Summary Judgment. Responses were due by September 6, 2013.[6] To date, no response has been filed by the plaintiff, and the plaintiff has made no filings in this matter since the July 1, 2013, request for additional time.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). In ruling on a summary judgment motion, all facts and inferences are viewed in the light most favorable to the non-movant. *Callahan v. Gulf Logistics, L.L.C.*, 456 Fed. Appx. 385, 390 (5th Cir. 2011) (citing *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

The burden of showing that summary judgment is appropriate is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, "if the nonmoving party would bear the burden of proof at trial, the moving party may meet its burden by showing 'that there is an absence of evidence to support the nonmoving party's case.'" *Horton v. C.C.A. Props. of Am., L.L.C.*, No. 12-20404, 2013 U.S. App. LEXIS 9358, at *8 (5th Cir. 2013) (citing *Celotex*,

---

defendant's store's floor for more than ten minutes in the previous two years. Pl.'s Mot. for Extension of Time [Doc. 30], at ¶ II.
[4] *Id.* at ¶¶ III-IV.
[5] Electronic Order [Doc. 32].
[6] *Id.*

477 U.S. at 325). "The burden then shifts to the nonmoving party 'to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at *8-9 (citing *Celotex*, 477 U.S. at 324). Furthermore, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## LAW & ANALYSIS

Damages sustained in a fall upon the premises of a Louisiana business are generally governed by what is commonly referred to as the merchant liability statute. *See* LA. REV. STAT. ANN. § 9:2800.6. The statute requires that the plaintiff make a three prong showing in order to recover.

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.* "[I]f but one of the elements cannot be sustained, the entire action will fail." *Dickerson v. Winn-Dixie, Inc.*, 816 So. 2d 315, 318 (La. Ct. App. 2002).

As to the second element, there is no allegation that the defendant either created or had actual notice of the dangerous condition. Thus, central to this dispute is whether the defendant had constructive notice of the hazardous condition in question. The statute states that

constructive notice exists when the "claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. REV. STAT. ANN. § 9:2800.6. The defendant argues that, under *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997), Louisiana law requires that the "claimant must make a positive showing of the existence of the condition prior to the fall." *Id.* at 1084.

Louisiana courts have had ample opportunity to elaborate on the showing required for a plaintiff's claim under the merchant liability statute to survive a challenge predicated on the constructive notice element. In *Dickerson*, the Louisiana First Circuit, following *White*, stated that "a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Dickerson*, 816 So. 2d at 318 (quoting *White*, 699 So. 2d at 1084). The *Dickerson* plaintiff allegedly sustained injuries by slipping in potting soil that had spilled on the floor of a Winn-Dixie Store. *Id.* at 316. The appellate court affirmed the trial court's grant of summary judgment in favor of the defendant store because "Dickerson did not present any evidence that would prove that Winn-Dixie had actual or constructive notice of the presence of potting soil on the floor prior to the incident." *Id.* at 319.

In *Ross v. Schwegmann Giant Super Markets, Inc.*, 734 So. 2d 910 (La. Ct. App. 1999), the court affirmed the trial court's granting of summary judgment in favor of the defendant store where the plaintiff sustained injuries slipping on some spilled crab salad near a self-service sampling station. *Id.* at 911, 913. In opposition to the motion for summary judgment, the *Ross* plaintiff introduced the accident report and the deposition testimony of several store employees, none of whom could say with any certainty how long the crab salad had been on the floor. *Id.* at 912-13. The court noted that "the exhibits offered by [the plaintiff therein] . . . effectively

4

establish genuine issues of material fact regarding whether [the defendant store's] inspection procedures were reasonable. But they do not defeat the absence of facts upon which [the defendant store] asserts its motion for summary judgment." *Id.* at 913.

In *Rhea v. Winn Dixie Market Place Store*, 849 So. 2d 759 (La. Ct. App. 2003), the Louisiana Fourth Circuit affirmed the trial court's grant of summary judgment in favor of the defendant store, again, because the plaintiff therein "did not produce any evidence to show that she would be able to meet her burden of proof that the defendants had actual or constructive notice of the broken jar of baby food" upon which the plaintiff slipped. *Id.* at 761-62. The appellate court also rejected the plaintiff's argument that the trial court had erred in considering the motion for summary judgment prematurely, and in so doing not allowed the plaintiff sufficient time to complete discovery. *Id.* at 762. The appellate court noted that over a year had passed between the filing of the petition and the hearing on the motion for summary judgment. *Id.* The defendant also cites to a litany of cases in its Motion which essentially outline the same principles set forth in *Ross*, *Rhea*, and *Dickerson*. *See, e.g., Walthall v. E-Z Serve Convenience Stores, Inc.*, 988 F. Supp. 996 (E.D. La. 1997); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188 (La. 1999); *Alexander v. Wal-Mart Stores, Inc.*, 707 So. 2d 1292 (La. Ct. App. 1998).

By way of contrast, in *Rodgers v. Food Lion, Inc.*, 756 So. 2d 624 (La. Ct. App. 2000), the Louisiana Second Circuit affirmed the trial court's denial of the defendant store's motion for summary judgment. *Id.* at 629. In *Rodgers*, the plaintiff slipped on spilled wine that the circumstances indicated had likely escaped from a leaking bottle that had been stored horizontally. *Id.* at 625. The trial court denied the motion for summary judgment, finding that "the circumstances were such that a reasonable trier of fact could conclude that one of the bottles was leaking and the wine had been on the floor for a long time." *Id.* The court emphasized the

5

fact that there were no broken bottles or glass in the area, and the situation warranted a finding that the spill likely came from a "slow leak" in one of the bottles. *Id.* at 628. As such, the temporal element was satisfied by the nature of the hazardous condition itself; namely, that it likely could not have occurred but for the passage of a lengthy period of time. *See also Smart v. Winn-Dixie of Louisiana, Inc.*, 742 So. 2d 1062 (La. Ct. App. 1999) (where the leak came from a two-liter soft drink bottle turned on its side). Further, in both *Smart* and *Rodgers*, the puddle was of a sufficient size as to indicate that the liquid had been on the floor "long enough that [store] employees should have discovered it with the exercise of reasonable care." *Rodgers*, 756 So. 2d at 628.

In the instant case, the plaintiff has not met her burden as to the temporal element required under LA. REV. STAT. ANN. § 9:2800.6. The plaintiff has been unable to produce any evidence which indicates when the spill in question occurred, the spill's origin, or how long it was present before she sustained her fall.[7] Likewise, no witnesses have been produced who can speak to the circumstances surrounding the spill. Plaintiff has had ample time since the filing of suit in 2011 in which to conduct discovery. In *Rhea*, the appellate court stated that the plaintiff therein

> did not produce any documents, affidavits, or depositions in opposition to the defendants' motion for summary judgment. She did not produce any evidence to show that she would be able to meet her burden of proof that the defendants had

---

[7] *See* Dep. of Henrietta Mallard [Doc. 26-4], at 3 (pp. 39-40 of the deposition transcript).
    Q. Do you know whether any Wal-Mart employee spilled that water on the floor?
    A. No.
    Q. Do you know where the water came from?
    A. No.
    Q. Do you have any information that would show how long the water was on the floor before the accident?
    A. No.
    Q. And do you have any information that would show that some Wal-Mart employee knew that it was there before the accident?
    A. No.
*Id.*

> actual or constructive notice of the [spill in question]. Thus, the trial court did not err when it granted the defendants' motion for summary judgment.

*Rhea*, 849 So. 2d at 761-62. This language closely mirrors the situation in the instant case, and, because of the plaintiff's failure to come forward with evidence sufficient to meet her burden of proof, the court has no choice but to grant the defendant's motion. Accordingly,

**IT IS ORDERED** that the defendant's Motion for Summary Judgment [Doc. 26] be and hereby is **GRANTED**, and all claims against the defendant in the above-captioned matter are hereby **DISMISSED WITH PREJUDICE**.

Lake Charles, Louisiana, this 28 day of October, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE